## National Bank of Westchester v. Colasante

*William F. Brodt, Jr.,* for plaintiff.
*M. J. Karess,* for defendant.

FRANCIOSA, J., April 5, 1971.—Defendant seeks to strike off the complaint because the plaintiff, a foreign banking association, has failed to set forth therein that it has registered to do business within the Commonwealth.

A foreign corporation, plaintiff is not required to allege that it is registered as a foreign corporation unless the pleadings as a whole disclose a necessity therefor: Cheerio Toys & Games, Inc. v. Dunbar, 33 Erie 114. From the averments in the complaint, it is apparent that plaintiff has come into Pennsylvania solely to collect a debt under a promissory note executed in New York by defendant, a resident of Pennsylvania. A foreign corporation need not register in Pennsylvania in order to bring an action in assumpsit for the collection of a debt.

The restrictions of section 1014 of the Business Corporation Law are not applicable to such a suit by reason of the specific exclusion provided by section 1001B(8) of the act. See Act of May 5, 1933, P. L. 364, art. X, as amended, 15 PS §2001.

Moreover, we share the view that absence of registration is a defense to be pleaded in the answer: Lever Bros. Co. v. Pugliese, 42 Luz. L. R. 153 (1952).

The preliminary objections in the nature of a motion to strike off plaintiff's complaint are denied and dismissed.

## ORDER OF COURT

And now, April 5, 1971, defendant's preliminary objections are denied and dismissed. Defendant is directed to file an answer to the complaint within 20 days.